IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ED ROSEBERRY
and VERNICA ROSEBERRY,

Appellants,

v.                                                              No. 18-01039-DRH

U.S. TRUSTEE
Interested Party,

BANKRUPTCY CLERK,

Interested Party,

v.

RUSSELL SIMON,

Trustee-Appellee.

## OPINION

**HERNDON, District Judge:**

### I. Introduction and Background

Appellants appeal the following language contained in their April 19, 2018 Order Confirming Chapter 13 Plan:

> "Interests in property acquired or received after the commencement of the case: Should the debtor(s) acquire or receive any interest in property of more than nominal value, even if such value is unknown/undetermined/unliquidated (for example, lawsuit settlement, class action settlement, worker's compensation claim, inheritance, life insurance proceeds, etc.), debtor(s) shall immediately file the appropriate amended schedule(s) to disclose the acquisition or receipt of the same. Absent further Order of this Court, such property, whether or not

disclosed on amended schedules or otherwise, shall constitute disposable income, the value of which must be paid into the debtor(s)' plan <u>as a payment under the plan</u> for the benefit of allowed general unsecured claims."

Appellants contend that the Bankruptcy Court's new confirmation order impermissibly conflicts with current legal requirements for confirmation with rules set forth by Congress and the Illinois State Legislature concerning applicability of exemptions.  The Appellee asserts that the Bankruptcy Court does have such authority to enter that language in its confirmation orders and that such language is not in contravention of or in conflict with any provision of the Bankruptcy Code.

## II. <u>Facts</u>

The parties do not contest the facts.  This matter arises out of the Chapter 13 petition for relief filed by Debtors Ed and Veronica Roseberry and out of the April 19, 2018 Order Confirming Chapter 13 Plan which adopted their proposed repayment plan.  The contested language stems from a new local policy created by the Bankruptcy Court, which went into effect on January 1, 2018.  On November 16, 2017, the United States Bankruptcy Court for the Southern District of Illinois posted a Notice to its website that read:

> In all chapter 13 cases filed on or after January 1, 2018 (and in any case that converts to a chapter 13 on or after January 1, 2018), the following additional language will be added to the confirmation order:

> "Interests in property acquired or received after the commencement of the case: Should the debtor(s) acquire or receive any interest in property of more than nominal value, even if such value is unknown/undetermined/unliquidated (for example, lawsuit settlement, class action settlement, worker's compensation claim, inheritance, life insurance proceeds, etc.), debtor(s) shall immediately file the appropriate

amended schedule(s) to disclose the acquisition or receipt of the same. Absent further Order of this Court, such property, whether or not disclosed on amended schedules or otherwise, shall constitute disposable income, the value of which must be paid into the debtor(s)' plan <u>as a payment under the plan</u> for the benefit of allowed general unsecured claims."

This language was included in the appellants' April 19, 2018 Order Confirming Chapter 13 Plan.

Appellants raise these issues for review:

(1) Did the Bankruptcy Court err in adding additional requirements as conditions to getting a plan confirmed as reflected in the Order confirming the debtors' proposed bankruptcy plan?

(2) Did the Bankruptcy Court err in effectively changing the definition of the term "disposable income" which Congress specifically defined in the Bankruptcy Code?

(3) Did the Bankruptcy Court abuse or exceed its discretion by imposing unnecessary and overly burdensome new requirements not mandated by statute that now must be undertaken in order to administer a chapter 13 case?

(4) Does the Bankruptcy Court's new policy violate Congressional intent and state legislative intent concerning "exempt" property by disallowing debtors from keeping assets that have been deemed exempt from creditors merely because such assets were acquired post-petition rather than pre-petition?

(5) Does the Bankruptcy Court's new policy violate Congressional intent

expressed in 11 U.S.C. § 1327 by creating an exception so broad that it swallows the rule?

### III. Standard of Review

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. The order confirming the plan is a final order. *Bullard v. Blue Hills Bank*, -- U.S. --, 135 S.Ct. 1692-93 (2015)(confirmation of a bankruptcy plan is final, because it "fixes" the rights of the parties.). On an appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Fed.R.Bankr.P. 8013; *see also In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993). The bankruptcy court's factual findings are reviewed for clear error, and its legal conclusions are reviewed *de novo. In re Dollie's Playhouse, Inc.,* 481 F.3d 998, 1000 (7th Cir. 2007); *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

### IV. Analysis

First, appellants argue that the Bankruptcy Court erred in adding additional requirements in having a Chapter 13 plan confirmed. Specifically, appellants maintain that the Court erred in creating this new local rule and affixing the language to the Roseberry's plan as bankruptcy courts do not have the authority to add additional requirements as conditions of confirmation that are not contained in the statutes passed by Congress. Appellee contends that the language is merely a default position serving to preserve the ability of the chapter 13 estate to recover

and administer post-petition acquired assets for the benefit of allowed unsecured creditors. Further, appellee contends that it does not impose any additional duties on debtors not otherwise required by the Bankruptcy Code and that the bankruptcy court has the discretion under Rule 1009 to require a debtor to amend his schedule of assets to disclose a new property interest acquired after the confirmation of the plan. Based on the following, the Court agrees with appellants.

Bankruptcy Code section 1325 lays out the requirements of confirmation. "[T]he court *shall* confirm a plan if" the requirements of section 1325 of the Bankruptcy Code are satisfied. 11 U.S.C. § 1325(a) (emphasis added). If the plan is drafted is consistent with section 1322, and meets the requirements of section 1325, a bankruptcy court must confirm the plan. The Bankruptcy Code does not permit a court to impose additional requirements of confirmation not present within the statute. *See, e.g. Petro v. Mishler*, 276 F.3d 375, 378 (7th Cir. 2002) ("[B]y creating a finite list of … affirmative requirements necessary for a plan's confirmation, we assume that Congress intended to exclude other requisites from being grafted onto section 1325(a)."). "These requirements are statutory mandates, and the bankruptcy court lacks the authority to impose additional requirements." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371-72 (4th Cir 2017)(citing *Petro*, 276 F.3d at 378). In *Petro*, the Seventh Circuit held:

"However, in spite of the Petros' statutory compliance, the district court affirmed the imposition of a reporting requirement because section 105(a) of the Bankruptcy Code permits courts to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an

abuse of process.' 11 U.S.C. sec. 105(a). The district court concluded that such language allows for the imposition 'of requirements not specifically included in 11 U.S.C. sec. 1325(a)' and that '[a] reporting requirement can be, and has been, seen as just such' an extra requirement. *District Court Opinion* at 6. We do not agree.

The language of section 1325(a) sets forth the specific and limited universe of requirements that must be met by a debtor in his or her proposed Chapter 13 plan. If those requirements are met, and, as here, the Trustee fails to object to the plan pursuant to section 1325(b), the statute states that the plan 'shall' be approved. The Supreme Court has consistently held that Congress's use of the word 'shall' acts as a command to federal courts. *See, e.g.*, *Anderson v. Yungkau*, 329 U.S. 482 (1947)('shall' is the 'language of command'). Furthermore, by creating a finite list of six affirmative requirements necessary for a plan's confirmation, we assume that Congress intended to exclude all other requisites from being grafted onto section 1325(a). *See In the Matter of Aberegg*, 961 F.2d 1307, 1308 (7th Cir. 1992)('The bankruptcy court must confirm the Chapter 13 plan if it meets the six requirements of section 1325(a).'). Absent exceptional circumstances, to permit a bankruptcy court to exercise undefined equitable powers to supplement the requirements of 1325(a) would alter that section beyond the scope that Congress intended, transforming the finite list of requirements a debtor must meet to receive bankruptcy protection into a potentially infinite list."

*Id.* at 377-378.

Here, the Court finds that the Bankruptcy Court, by including this new language in the Chapter 13 confirmation plan, exceeded its authority as these additional requirements of confirmation are not contained in the statutes passed by Congress. The new language requires a debtor to amend the schedules every time she/he acquires any property of more than nominal value and requires that the disclosed asset is presumed to be "disposable income" to be turned over to the trustee if it is cash; and if it is not cash then the value must be paid into the debtor(s)' plan as payment under the plan, requiring the debtor to sell the property so that it may be turned over to the trustee. These requirements are not merely menial tasks of reporting. In fact, these requirements may/will cause further court

intervention if there is any dispute surrounding the property at issue. Further, the Court rejects the argument that "exceptional circumstances" exist in each and every Chapter 13 case filed after January 1, 2018 to require the application of these new rules. Clearly, no special circumstances have been shown in this case to require the additional requirements. Accordingly, the Court finds that the new rule creates completely new requirements and layers them onto the statute, 11 U.S.C. § 1325, enacted by Congress and should not be applied blanketly in all cases. Based on the Court's conclusion, the Court need not address the remaining arguments contained in the briefs.

## V. Conclusion

Accordingly, the Court **REVERSES** the April 19, 2018 Order Confirming Chapter 13 Plan issued by the bankruptcy judge.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.18
12:34:28 -06'00'

United States District Court